**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| STEVEN L. VOLNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:23-cv-01575-JMB |
| | ) |
| DAVID MABE, et al., | ) |
| | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the application of self-represented plaintiff Steven L. Volner, an inmate at the Fulton Correctional Center, for leave to commence this action without payment of the required filing fee. Having reviewed the application and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $4.80. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will dismiss this action pursuant to *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and 28 U.S.C. § 1915(e)(2)(B).

**Initial Partial Filing Fee**

A prisoner bringing a civil action is required to pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency

having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a financial ledger from the Missouri Department of Corrections for the four months preceding the filing of this suit. Based on the ledger, plaintiff has an average monthly deposit of $24.04. The Court will assess plaintiff an initial partial filing fee of $4.80, which is twenty percent of his average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted.   To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."   *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.   Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679.   The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).   *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

### The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against the Crawford County Sheriff's Department and its Deputy, David Mabe, arising out of an alleged wrongful search and seizure. Plaintiff states that on January 26, 2023, a friend showed him pictures of a "stolen mini home 1997 turbo trailer that had been 'dropped off' on privately owned family posted property that I was [caretaking]."

Plaintiff states that the next morning, January 27, 2023, he went to the property to get his phone to call and report the stolen trailer. When he arrived at the property, he saw a red Chevy truck parked in the yard behind the stolen trailer. He went inside and before he could call the Crawford County Sheriff's Department to report the stolen trailer, he heard talking outside.[1]  When he opened the door, he saw Deputy Mabe.

Deputy Mabe asked plaintiff if he knew the trailer was stolen. Plaintiff said he did, but that he had just found out late the night before that it was stolen. Mabe asked plaintiff if he could search him, and plaintiff said, "not without a warrant." Another officer appeared behind plaintiff with his

---

[1] It is not clear from plaintiff's complaint which structure he went inside, where his phone was located, or where plaintiff lived. He states only that he was the "caretaker" of the private property on which the stolen trailer was located.

gun or taser drawn. Plaintiff states that Deputy Mabe grabbed him aggressively and cuffed him. Plaintiff repeatedly asked Mabe if he had a warrant. Mabe said he did not need a warrant and started searching plaintiff's pockets. Plaintiff told Mabe that plaintiff had not done anything wrong and the officers were trespassing on posted private property. Mabe then told plaintiff that he was under arrest for the drugs Mabe had found in plaintiff's pockets.

Mabe placed plaintiff in his police car, and he and the other officer went inside the stolen trailer. Officer Mabe exited the trailer, threw something on the hood of the police car, opened the back door to the car, and asked plaintiff whose red Chevy truck was parked behind the stolen trailer. Plaintiff stated that he had just arrived on the property and did not know whose truck was parked in the yard. Mabe asked plaintiff if he lived on the property, and plaintiff stated that he had, but that his "place burned just a week ago." He said that Kim Bridges Smith lives in a camper on the property with Jim Ledwig. Officer Mabe read plaintiff his rights. At this point, Ms. Bridges Smith approached the police car and verified that plaintiff had not been on the property for almost two weeks, since his R.V. had burned.

Plaintiff accuses Mabe of illegally searching him on private property. He states that he does not believe Mabe was on the property to recover a stolen trailer, but to illegally search plaintiff and violate his constitutional rights. For relief, plaintiff seeks a "fair settlement as seen fit by jury."

## Discussion

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir.

1995); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

On May 15, 2023, plaintiff pled guilty in Crawford County Circuit Court to one count of possession of a controlled substance arising out of the events of January 27, 2023. *See State v. Volner*, No. 23CF-CR00036-01 (42nd Jud. Dist, May 5, 2023) and *State v. Volner*, No. 23-CF-00228-01 (42nd Jud. Cir. May 5, 2023). He was sentenced to five years' imprisonment in the Missouri Department of Corrections. *Id.* Plaintiff has not brought any appeals of his conviction or post-conviction proceedings to overturn his conviction.

Plaintiff's argument in this § 1983 lawsuit that he was unlawfully searched and seized would necessarily imply the invalidity of the crime for which he has pled guilty. As such, *Heck* bars plaintiff's Fourth Amendment claims that he was wrongfully searched and seized by Deputy Mabe.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**.   [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $4.80 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and pursuant to the doctrine of *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**.    [ECF No. 4]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 11th day of December, 2023.

 

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE