UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN L. VOLNER, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-CV-1575 JMB |
| DAVID MABE, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on remand from the United States Court of Appeals for Eighth Circuit. *See Volner v. Mabe, et al*., No. 24-1007 (8th Cir. 2024). For the reasons discussed below, the Court will order the Clerk of Court to issue process as to David Mabe. The Court will dismiss Plaintiff's claim against the Crawford County Sheriff's Department.

### The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983 against the Crawford County Sheriff's Department and Deputy Sheriff David Mabe. Plaintiff states that on January 26, 2023, a friend showed him pictures of a "stolen mini home 1997 turbo trailer that had been 'dropped off' on privately owned family posted property that [he] was [caretaking]." The next morning, Plaintiff went to the property "to retrieve [his] phone to call and report the stolen [trailer]." Upon arrival, he noticed a red Chevy truck parked behind the trailer. Plaintiff went inside with the intention of calling the Crawford County Sheriff's Department, but he heard talking outside before he was able to place the call.[1] Plaintiff then opened the door and saw Deputy Mabe.

---

[1] It is not clear from the Complaint which structure Plaintiff entered or where his phone was located. He states only that he was the "caretaker" of the private property on which the stolen trailer was located.

Deputy Mabe asked Plaintiff if he knew the trailer was stolen. Plaintiff said he did, but that he had just found out the night before. Mabe asked Plaintiff if he could search him and Plaintiff responded: "not without a warrant." Another officer appeared behind Plaintiff with a gun or taser drawn. Plaintiff asserts that Deputy Mabe then grabbed and cuffed him. Plaintiff repeatedly asked Mabe if he had a warrant. Mabe said he did not need a warrant and started searching Plaintiff's pockets. Plaintiff told Mabe that he had not done anything wrong and that the officers were trespassing on posted private property. Mabe then claimed to have found drugs in Plaintiff's pockets and arrested Plaintiff.

Officer Mabe placed Plaintiff in a police vehicle and then went inside the stolen trailer with the other officer. Mabe exited the trailer, threw something on the hood of the vehicle, and asked Plaintiff who owned the Chevy truck. Plaintiff responded that he had just arrived on the property and did not know who owned the truck. Mabe asked Plaintiff if he lived on the property and Plaintiff said he "did before [his] place burned just a week ago." He told Mabe that Kim Bridges Smith lives in a camper with Jim Ledwig. Mabe then read Plaintiff his rights. At some point, Ms. Bridges Smith approached the vehicle and verified that Plaintiff had not been on the property for almost two weeks.

**Background**

On December 11, 2023, the Court issued an order dismissing this action under 28 U.S.C. § 1915(e)(2). The Court determined that the Supreme Court's decision in *Heck v. Humphrey* barred Plaintiff's unlawful search-and-seizure claim because judgment in Plaintiff's favor would necessarily imply the invalidity of the resulting conviction, continued imprisonment, or sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff retained counsel and appealed the Court's decision. The Eighth Circuit Court of Appeals reversed and remanded, explaining that Plaintiff's "unlawful search-and-seizure claim was not barred by *Heck* because success on the claim would not necessarily imply the invalidity of his state conviction."

## Discussion

In light of the Eighth Circuit's opinion, the Court will order the Clerk of Court to issue process as to David Mabe. The Court will not, however, issue process as to the Crawford County Sheriff's Department. It is well-established that a sheriff's department, as a subdivision of local government, is not a distinct entity subject to suit. *See, e.g., Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (affirming summary judgment in favor of county jail because "county jails are not legal entities amendable to suit."); *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court's dismissal of county jail and sheriff's department as parties because they are not suable entities). Thus, the Court will dismiss Plaintiff's claims against the Crawford County Sheriff's Department.

## Conclusion

For the foregoing reasons, Plaintiff's claim against David Mabe may proceed. The Court will dismiss the Crawford County Sheriff's Department without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Clerk of Court shall issue process or cause process to issue as to Defendant David Mabe. Defendant shall be served by issuance of summons and service

3

by the U.S. Marshal's Service at the Crawford County Sheriff's Department, 212 South Third Street, Steelville, Missouri 65565.

**IT IS FURTHER ORDERED** that Defendant Crawford County Sheriff's Department is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2).

Dated this 16th day of May, 2024.

*[signature]*

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE